UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV-17-7666-MWF (AFMx)**          **Date:  January 8, 2018**

Title:    Natalie Schultz v. BMW of North America, LLC

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Relief Deputy Clerk: | Court Reporter: |
| Cheryl Wynn | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER REMANDING ACTION TO
STATE COURT

On September 19, 2017, Plaintiff filed a Complaint against Defendant for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act in Los Angeles County Superior Court.   On October 19, 2017, Defendant removed the case, invoking this Court's diversity jurisdiction.  In its Notice of Removal, Defendant asserted that the $75,000 amount in controversy requirement is satisfied because: (1) Plaintiff may effectively recover up to three times the lease price under the Song-Beverly Act (*i.e.,* a total of $46,464.90); (2) the Song-Beverly Act provides that a successful Plaintiff is entitled to recover her reasonable attorneys' fees; and (3) in defense counsel's experience, Song-Beverly plaintiffs regularly incur in excess of $30,000 in attorneys' fees.

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

On December 1, 2017, the Court issued a docket order indicating that it was skeptical that Plaintiff's potential future attorneys' fees should be included in the amount in controversy and directing the parties to be prepared to address the issue at the December 11 scheduling conference.  During the December 11 scheduling

conference, Defendant's counsel held to its position that future attorneys' fees should be included.  During that scheduling conference, the Court directed counsel to file briefs in support of their respective positions.  Defendant filed its brief on December 20, 2017; Plaintiff filed her response on January 5, 2018.

The Court has reviewed the submissions and concludes that this action should be remanded.  Defendant now, for the first time, submits that the "residual value / lease payoff" amount of $19,337 should be included in the amount in controversy because Defendant may incur this expense if Plaintiff is successful in this lawsuit and Defendant must "buy back" Plaintiff's vehicle, even though it "is not and cannot be claimed by the plaintiff as a portion of her actual damages."  Ancillary expenses that Defendant may incur in connection with this lawsuit but that Plaintiff is not attempting to recover and cannot possibly recover are not "in controversy."  As Plaintiff aptly points out, such a definition would permit state court defendants to remove cases based upon the attorneys' fees they themselves might incur in the litigation.

And for the reasons stated in the Court's December 1 order, it will not consider Plaintiff's potential future attorneys' fees as a component of the amount in controversy. There is no controlling Ninth Circuit authority on the issue, but other district courts have reached similar conclusions.  *See, e.g., MIC Philberts Investments v. American Cas. Co. of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012) ("While the Ninth Circuit Court of Appeals has not yet spoken on the issue, the Court notes that it appears that a nascent consensus may be emerging among the district courts of this Circuit, finding that attorneys' fees not yet incurred may not be included in the amount in controversy calculation."); *Reames v. AB Car Rental Services, Inc.*, 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the [Tenth Circuit] and [Seventh Circuit] lines of cases may best be resolved by adoption of the [Seventh Circuit] reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."); *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010) ("Future attorneys' fees are

entirely speculative, may be avoided, and are therefore not "in controversy" at the time of removal.").

    In sum, this Court does not have diversity jurisdiction over this routine state lemon law action because the amount in controversy does not exceed $75,000.

    Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

    IT IS SO ORDERED.